Annie Yvonne **HARRIS**, a minor, by her father and next friend, Collins W. Harris et al., Plaintiffs,
United States of America, Plaintiff-Intervenor,

v.

**CRENSHAW COUNTY BOARD OF EDUCATION**, Eugene W. Williams, Steve Landers, Ollie Cannon, Howard Morgan, and James E. Hollis, Jr., as members of the Crenshaw County Board of Education, and C. W. Carpenter, Superintendent of Education of Crenshaw County, Alabama, Defendants.

Civ. A. No. 2455–N.

United States District Court
M. D. Alabama, N. D.
Sept. 23, 1966.

Fred D. Gray and Solomon S. Seay, Gray & Seay, Montgomery, Ala., and Jack Greenberg and Charles H. Jones, Jr., New York City, for plaintiffs.

Ben Hardeman, U. S. Atty. for Middle District of Alabama, Montgomery, Ala., and Stephen J. Pollak, Gary L. Betz and Frank M. Dunbaugh, Civil Rights Division, U. S. Dept. of Justice, for United States.

Alton L. Turner, Luverne, Ala., and Maury D. Smith, Stanley B. Sikes, Goodwyn, Smith & Bowman, Montgomery, Ala., for defendants.

## PRELIMINARY INJUNCTION

JOHNSON, Chief Judge.

The motion of the plaintiffs, joined in by the United States of America as plaintiff-intervenor, for a preliminary injunction was heard by the Court on Sep-tember 22, 1966, after due notice to the parties, and is now submitted upon the pleadings, the testimony and exhibits thereto presented September 12, September 19 and September 22, 1966.

Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §§ 1343 and 1983.

The United States of America, by leave of this Court, intervenes as a plaintiff in this action pursuant to § 902 of of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000h–2) and Rule 24(a) of the Federal Rules of Civil Procedure.

The plaintiffs, Negro citizens and their minor children residing in Crenshaw County, Alabama, bring this action pursuant to Rule 23, Federal Rules of Civil Procedure, individually and on behalf of others similarly situated.

Generally, the plaintiffs request this Court to enjoin the defendants, the Crenshaw County Board of Education, its members, and the County Superintendent of Education, from continuing their policy of operating a dual school system in Crenshaw County, Alabama, based upon race or color. More specifically, plaintiffs request this Court to issue a preliminary injunction prohibiting these defendants from refusing to admit Negro children to the various schools in Crenshaw County which these children have indicated they desire to attend for the school year 1966–67.

In 1965 the Crenshaw County Board of Education determined that the operation of their dual school system was in violation of the Constitution of the United States and the several cases since Brown v. Board of Education of Topeka, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954), which declare the duties, obligations and rights in this particular area of constitutional law. The Crenshaw County Board determined that it would desegregate its school system beginning with the school year 1965–66, adopted a "freedom of choice" plan for the purpose of effectuating the desegregation of the school system, and duly published the plan in the local newspaper. Generally,

the plan adopted was designed to afford every student in the public schools of Crenshaw County, Alabama, a freedom of choice to attend any school in the system regardless of the race or color of the student. In the event there was over-crowding at any particular school as a result of the choices made, assignments were to be based solely on proximity, without regard to racial considerations. Where choices were rejected because of overcrowding, the parents were to be notified in time to make an effective choice of any other school. The plan for the 1965–66 school year resulted in 21 Negro students applying for admission to and being accepted in the formerly all white schools of Highland Home and Luverne High.

■ The freedom of choice plan continued as the method the Crenshaw County Board of Education selected for the desegregation of its school system for the 1966–67 school year. Again, the school board gave adequate publication of its plan, and within the time provided by the plan 143 Negro students who formerly attended Helicon School, an all Negro school in the county, applied for admission to Highland Home School; 41 Negro students who had previously attended Woodford Avenue School, a Negro school in the county, applied for admission to Luverne High School, and 18 Negro students who formerly attended Dozier Junior High School, a Negro school in said county, applied for admission to Dozier High School, formerly an all white school in said county. Notices dated August 29, 1966, were mailed to the Negro parents by the Crenshaw County Board, advising all but 9 of the 143 Negro students who had applied for admission to Highland Home School that their choice had been rejected because of overcrowded conditions in said school. Only 12 of the Negro students who selected Luverne High School through the exercise of their choice were accepted, and only 2 of the Negro students who selected Dozier High School through the exercise of their choice were accepted. In this connection, the evidence reflects that all white students throughout the county who applied to attend white schools through the exercise of their choice were permitted to do so. All Negro students who applied through the exercise of their choice to attend Negro schools were permitted to do so. The only rejections were instances where Negroes exercised their choice to attend white schools. The evidence is clear, and indeed the Superintendent of Education of Crenshaw County, Alabama, while testifying in this case, quite candidly admitted that where Negro students exercised their choice to attend white schools, the Board of Education considered the "freedom of choice" applications merely as applications to transfer. In accepting the choice of white students to attend white schools and in rejecting the choice of Negro students to attend white schools, the Board of Education did not consider proximity—only race. This, of course, violates the plan as adopted and published by the Board and served only to perpetuate the dual school system. Clearly, if a freedom of choice plan is to be sustained as a reasonable means by which schools are to be desegregated in accordance with the principles of Brown v. Board of Education of Topeka, supra, *all* students must be accorded the same opportunity to apply to any school whether they previously attended that particular school or not. It follows, therefore, that the Board's contention that certain of the white schools selected by the Negro students, as indicated by their choice applications, are overcrowded, is totally unacceptable as a justification for the denial of such applications.

Another major factor that has prevented the plan as adopted by the Crenshaw County Board of Education from achieving its announced purpose, that is, the desegregation of the county school system, is the fact that a large majority of the students attending the various schools throughout the county are taken to those schools through the medium of school buses that regularly transport children from or near their residences to

their schools. With very few exceptions, the school bus transportation system in Crenshaw County, including the routes traveled by the buses, has not been changed for many years. The school bus transportation system in Crenshaw County was designed to transport children from or near their residences to schools that were then being operated on a segregated basis by reason of race or color of the students. The system continues at the present time to operate in a manner that is designed to service a dual school system based upon race or color. Therefore, the Negro students in Crenshaw County find themselves with transportation reasonably available only to schools formerly attended solely by Negroes. This, together with the criteria used by the County Board of Education outlined above has resulted in the dual school system continuing to operate in Crenshaw County, Alabama, with the exception of token desegregation.

Even though the choice plan adopted and published by the Crenshaw County Board of Education provides that all students in all grades in the public schools of the county have a freedom of choice to attend any school in the system, this Court finds that, under the evidence in this case, it will be to the best interest of the Crenshaw County school system and the children attending the various schools in that system—whether they be white or Negro—not to require at this time that all the grades be included in the freedom of choice plan. Therefore, for the school year 1966–67, the Crenshaw County Board of Education will, through the use of the freedom of choice plan—hereinafter set forth—admit those Negro children who have exercised their choice to attend the formerly all white schools of Highland Home, Luverne High and Dozier High in grades 1, 7, 8, 9, 10, 11 and 12, provided that each of said Negro children presents himself to the school of his choice within one week from the receipt of the notice of his admission, which the Crenshaw County Board of Education will be required to send as hereinafter set forth. Any Negro student heretofore admitted to these formerly all white schools regardless of grade will be permitted to continue to attend. Commencing with the school year 1967–68, all other grades, that is, grades 2, 3, 4, 5 and 6, of the Crenshaw County public school system, shall be desegregated and pupils assigned, without regard to race or color, on a freedom of choice basis as described in the plan attached hereto and incorporated in this order.

■ In order for the freedom of choice plan, such as will be ordered by this Court, to operate effectively and as intended, it will be necessary for the Crenshaw County Board of Education to make a study and revision of its county-wide school bus transportation system in order to eliminate the system as it presently exists—one that has been designed to service a dual school system based upon race or color. This Court, recognizing that such a study and revision requires time and planning, will not order that the actual revision of the school bus transportation system be effectuated for this school year; however, the Crenshaw County Board of Education should immediately, to the extent reasonably necessary, provide transportation for the Negro children being admitted under this order to the formerly predominantly white schools in the county. In this connection, the Board must transport Negro children on its buses on the same basis that white children are transported. The Crenshaw County Board of Education will be ordered and directed to file with this Court on or before June 30, 1967, a copy of its revised county-wide school bus transportation system designed to service the school system throughout Crenshaw County without regard to race or color of the students.

The immediate effect of this Court's restriction of the freedom of choice plan for the school year 1966–67 to grades 1, 7, 8, 9, 10, 11 and 12, is that it will limit the number of Negro children presently entering the Highland Home, Luverne High and Dozier High Schools under the

terms of this order to approximately one-half those who would have been admitted had the choice plan (as adopted by the Crenshaw County Board) been made applicable to all twelve grades. The evidence in this case reflects that, with proper administration on the part of the school officials, the physical facilities and the teaching staffs can absorb, without any undue disruption, the number of Negro students attending these schools affected by this order for this school year.

In accordance with the foregoing, it is the order, judgment and decree of this Court that the defendants, the Crenshaw County Board of Education, each member thereof, the Superintendent of Education of Crenshaw County, Alabama, their agents, officers, employees, successors, and all others in active concert or participation with them, be and they are hereby enjoined from:

(1) Maintaining in Crenshaw County, Alabama, a dual school system based upon race or color;

(2) Failing to provide equal educational opportunities to all students in the public school system of Crenshaw County, Alabama, without regard to race or color;

(3) Refusing to enroll the Negro students who formerly attended Helicon School and, through the exercise of their choice, have applied for admission to Highland Home School in grades 1, 7, 8, 9, 10, 11 and 12; the Negro students who formerly attended Woodford Avenue School and have applied for admission to Luverne High School in grades 1, 7, 8, 9, 10, 11 and 12, and the Negro students who formerly attended Dozier Junior High School and have applied for admission to Dozier High School in grades 1, 7, 8, 9, 10, 11 and 12.

(4) Refusing to notify within two days from the date of the service of this order, by registered or certified mail, the parents of the Negro students who formerly attended Helicon School, Woodford Avenue School and Dozier Junior High School, and who applied for admission to Highland Home School, Luverne High School and Dozier High School, respectively, in grades 1, 7, 8, 9, 10, 11 and 12, as to their admission in the schools indicated by their choice forms filed with the Board.

(5) Refusing to assign, and permit the attendance of, Negro students to the schools of their choice on the same basis that white students are permitted to attend the schools of their choice, in the grades herein indicated for the school year 1966–67, and refusing to provide school facilities, including transportation and cafeteria, to any of the Negro students herein ordered admitted to the schools indicated by their choice forms filed with the Board.

(6) Failing to consider the choice of each student in Crenshaw County, Alabama, without regard to race or color, without regard to the school previously attended and without regard to whether the Board considers the choice to be a reasonable one.

It is further ordered that said defendants, their agents, officers, employees, successors, and all those in active concert or participation with them, immediately commence a study and revision of the county-wide school bus transportation system so as to eliminate the system to the extent that it is designed to service a dual school system, and to put into effect a county-wide school bus transportation system designed to service the Crenshaw County school system without regard to race or color of the students, and file such a plan with this Court on or before June 30, 1967.

The defendants, the Crenshaw County Board of Education, Eugene W. Williams, Steve Landers, Ollie Cannon, Howard Morgan, and James E. Hollis, Jr., as members of the Crenshaw County Board of Education, and C. W. Carpenter, Superintendent of Education of Crenshaw County, Alabama, their agents, officers, employees, successors, and all those in active concert or participation with them, are further ordered and directed to proceed to execute the

plan for the desegregation of the public school system of Crenshaw County, Alabama, which is attached hereto and incorporated herein.

It is further ordered that this Court specifically retains jurisdiction of this cause.

## PLAN FOR THE DESEGREGATION OF THE PUBLIC SCHOOL SYSTEM OF CRENSHAW COUNTY, ALABAMA

### I

The Crenshaw County Board of Education will open all grades of all schools in said system to all students, irrespective of race, color, creed or nationality no later than the Fall Term of the year 1967, in accordance with the following schedule:

(a) YEAR 1966: Beginning with the Fall Term (September), Grades 1, 7, 8, 9, 10, 11 and 12 of the Crenshaw County Public School System shall be desegregated and pupils assigned, without regard to race or color, on a freedom of choice basis as described in this Plan and as outlined in the accompanying order of this Court.

(b) YEAR 1967: Beginning with the Fall Term (September), all other grades, i. e., Grades 2, 3, 4, 5 and 6, of the Crenshaw County Public School System shall be desegregated and pupils assigned, without regard to race or color, on a freedom of choice basis as described in this Plan.

### II

### FREEDOM OF CHOICE

To insure that every student may attend the school of his choice, the method used shall be as follows:

(a) *Annual Exercise of Choice*: Each student is required to exercise a free choice of schools annually, except that for Year 1966, this applies only to those in Grades 1, 7, 8, 9, 10, 11 and 12.

(b) *Who May Exercise Choice*: A choice of schools may be exercised by a parent or other adult person serving as the student's parent. A student may exercise his own choice if he (1) is exercising a choice for the ninth or a higher grade, or (2) has reached the age of fifteen years at the time of the exercise of choice. Such a choice by a student is controlling unless a different choice is exercised for him by his parent or other adult person serving as his parent during the choice period or at such later time as the student exercises a choice. Each reference in the Plan to a student exercising a choice means the exercise of the choice, as appropriate, by a parent or such other adult or by the student himself.

(c) *Choice Period*: The period for exercising choice will commence on April 15 and end on May 15, preceding the school year for which choice is to be exercised. No student or prospective student who exercises his choice within the choice period shall be given any preference because of the time within the period when such choice was exercised. The school board will notify the student, or parent making the choice, as to the action by the board on the choice not later than thirty days prior to the commencement of any school year.

(d) *Mandatory Exercise of Choice*: A failure to exercise a choice within the choice period does not preclude any student from exercising a choice at any time before he commences school for the year with respect to which the choice applies, but such choice may be subordinated to the choices of students who exercised choice before the expiration of the choice period. Any student who has not exercised his choice of school within a week after school opens will be as-

signed to the school nearest his home where space is available, under standards for determining available space which will be applied uniformly throughout the system.

(e) *Distribution of Notice and Forms*: On or before the date the choice period opens, an explanatory notice and a choice form (appendices A and B) will be sent home with each child in the Crenshaw County Public School System (For Year 1966, only those in Grades 1, 7, 8, 9, 10, 11 and 12). Extra copies of the explanatory notice and the choice form will be freely available to parents, students, prospective students, and the general public at each school in the system and at the office of the Superintendent.

(f) *Return of Form*: At the option of the person completing the choice form, the choice form may be returned by mail, in person, or by messenger, to the principal of any school in the school system or to the office of the Superintendent.

(g) *Alternate Form*: The exercise of choice may also be made by the submission in like manner of any other writing which contains information sufficient to identify the student and indicates that he has made a choice of a school.

(h) *Choice Binding*: Upon submission of a choice form, or substitute, it is binding for the entire school year, and may not be changed except in cases meeting the conditions set forth in Paragraph II (b) of the Plan and in cases of compelling hardship.

(i) *Preferences in Assignment*: In assigning students to schools, no preference will be given to any student for prior attendance at a school, and no choice will be denied for any reason other than overcrowding. In case of overcrowding at any school, prefer-

ence will be given on the basis of the proximity of the school to the homes of students choosing it, without regard to race or color.

(j) *Prospective Students*: Prospective students not previously enrolled in the Crenshaw County Public School System will have free choice of schools.

(k) *Transportation*: Buses will be routed to the maximum extent feasible so as to serve each student choosing any school in the system without regard to race or color. In any event, every student choosing the school nearest his residence will be transported to the school to which he is assigned, whether or not it is his first choice, if that school is sufficiently distant from his home to make him eligible for transportation.

(l) *Officials Not to Influence Choice*: No official, teacher, or employee of the school system shall require or request any student to submit a choice form during the choice period other than by the explanatory notice and the choice form. After the expiration of the choice period, the school system will make all reasonable efforts to obtain a completed choice form from each student who has not exercised a choice. However, at no time shall any official, teacher, or employee of the school system influence any parent, or other adult person serving as a parent, or any student, in the exercise of a choice, or favor or penalize any person because of a choice made. Information concerning individual choices made or schools to which individual students are assigned will not be made public.

III

FACULTY AND STAFF

Race or color will henceforth not be a factor in the hiring, assignment, re-

assignment, promotion, demotion, or dismissal of teachers and other professional staff, with the exception that assignments may be made to further the process of desegregation. Affirmative steps will be taken to eliminate racial assignments heretofore made.

## IV

### SERVICES, FACILITIES, ACTIVITIES, AND PROGRAMS

Once assigned to a school, a student shall have full access to and benefits of all services, facilities, activities, and programs of the school to which he is assigned without discrimination based on race or color, and without regard to previous school assignment based on race or color.

## V

### INFERIOR PLANTS

The Board will continue on an accelerated basis, as fast as money for facilities can be secured, to close small, inferior school plants and consolidate them into, and/or with, larger and better school plants, to the end that all school plants will be as nearly equal as it is possible to make them.

## VI

### INFORMATION FOR THE PUBLIC

Copies of this plan will be posted at each school in the system and at the office of the Superintendent. Copies will also be supplied local news media, and newspaper, television and radio stations serving the county, as well as the general public.

## APPENDIX A

### NOTICE

Beginning with the fall term commencing September, 1967, all grades in all schools in the Crenshaw County public school system will be desegregated. Any student in Crenshaw County, Alabama, may choose to attend any school in the Crenshaw County public school system regardless of the school's former racial designation. A choice must be made for each child entering one of the schools in the Crenshaw County school system. Attached to this notice is a choice form which must be filled out on or before May 15, 1967. If a child is entering the ninth or a higher grade, or if the child is fifteen years old or older, he may make the choice himself; otherwise, a parent, or other adult serving as parent, must sign the choice form.

Once a choice is made and the choice period has expired, the choice is binding for the next school year.

No child will be denied his choice unless for reasons of overcrowding, in which case children nearest the school will have preference.

Transportation will be provided, if possible, no matter what school is chosen.

Choice forms may be returned by mail, in person, or by messenger to the principal of any school in the system or to the office of the Superintendent.

## APPENDIX B

### CHOICE FORM

#### Crenshaw County Schools 1967–1968 School Year

This form is provided for you to choose a school for your child to attend next year. You have thirty (30) days to make your choice. It does not matter which school the child attended last year, and it does not matter whether the school was formerly a white or a Negro school. The form must either be brought

to any school principal or mailed or brought to the office of the Superintendent of Education, Luverne, Alabama, by May 15, 1967. A choice is required for each child.

Name of Child _____
                    Last          First          Middle

Address _____

Date of Birth _____
                    Month          Day          Year

Grade Pupil is Entering _____

School Last Attended _____

Name of Parent, Guardian or
Other Adult (Serving as Parent) _____

Address _____

Choose one of the following schools by marking X beside the name.

( )  Luverne High                1 – 12             Luverne
                                 Grades             Location

( )  Brantley High               1 – 12             Brantley
                                 Grades             Location

( )  Highland Home High          1 – 12          Highland Home
                                 Grades             Location

( )  Dozier High                 1 – 12             Dozier
                                 Grades             Location

( )  Honoraville Junior High      1 – 9           Honoraville
                                 Grades             Location

( )  Woodford Avenue High        1 – 12             Luverne
                                 Grades             Location

( )  Helicon High                1 – 12           RFD, Grady
                                 Grades             Location

( )  Brantley Junior High         1 – 9            Brantley
                                 Grades             Location

( )  Dozier Junior High           1 – 9             Dozier
                                 Grades             Location

Signature _____ Date _____

This form was signed by:       Parent    ( )
Mark X in proper box.          Guardian  ( )
                               Student   ( )

This to be filled in by Superintendent's Office, not by Person Signing.

School Assigned _____